UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BURTON W. WIAND, as Receiver for
VALHALLA INVESTMENT PARTNERS,
L.P.; VIKING FUND, LLC; VIKING IRA
FUND, LLC; VICTORY FUND, LTD.;
VICTORY IRA FUND, LTD., AND
SCOOP REAL ESTATE, L.P.,

        Plaintiff,

vs.                                        Case No. 8:10-CV-166-T- EAK-MAP

BRIAN L. MEEKER, as Trustee for the
BRIAN L. MEEKER TRUST dtd 12/06/1991,

        Defendants.
_____/

**ORDER FOR ENTRY OF JUDGMENT**

        This cause is before the Court pursuant to the order adopting the report and recommendation (R&R) issued by Magistrate Judge Mark A. Pizzo (Doc. 134). The magistrate judge recommended that the Receiver should be given fourteen days to show cause why the false profits, that they would otherwise be entitled to, in the amount of $645,641.67 should not be set-off by $736,875.23 lost by Meeker and his wife in other hedge fund accounts. This Court adopted that recommendation and allowed the parties to present further argument as to whether or not the Receiver should be forced to off-set the false profits as requested. (Docs. 137 and 144).

        As set out in the previous order, this is one of a myriad of cases "emanating from a

Securities Exchange Commission enforcement action aimed at dealing with the aftermath of a massive ponzi scheme perpetrated by Arthur Nadel, a hedge fund manager." In addition it was stated that the Receiver "sued numerous hedge fund investors, including Brian L. Meeker ("Meeker"), seeking to claw back 'false profits.'" In this case:

> Meeker is one of the investors who experienced a net gain or "false profits." According to Yip, Meeker deposited a total of $1,250,000 in Nadel's scheme. More particularly, Meeker invested $1,000,000 in December 2003 and $250,000 in December 2004, all in Viking Fund, LLC ("Viking"). And, according to the Receiver, Meeker received distributions totaling $1,895,641.67: $700,000 in January 2006, $500,00 in March 2006, $200,000 in January 2007, $200,000 in April 2007, $290,000 in September 2007, and $5,641.67 in September 2007. Hence, these "false profits" amount to $645,641.67 (the amount received from the scheme in excess of the amounts invested). *See* Yip Decl.¶ 3, Sept. 27, 2012. There is no dispute as to whether Meeker received these distributions. *See* Morello Decl., ¶5, Meeker's responses to Receiver's First Set of Requests for Admissions, Ex. D and E to Morello Decl. (R&R pgs. 19). (Doc. 134 pg. 4).

The Court found that the Receiver was entitled to those false profits from this defendant unless there was a reason to allow a set-off of other loss from the Meekers in their individual capacities.

The Meekes seek a set-off because they assert that $736,875.23 was lost by Meeker and his wife in other Nadel related hedge fund accounts. The Receiver counters that a set-off is not available for losses suffered by non-parties Brian L. Meeker and/or Barbara Meeker in their individual capacities or in their capacities as husband and wife because the Receiver asserts that only Brian L. Meeker, as Trustee for the Brian L. Meeker Trustee dtd 12/06/1991, is a party to this action. The Meekers argue otherwise.

The Receiver and the Court have fairly specific roles in the cases brought to seek the return of the false profits, received by some of the duped investors but by all investors. The Receiver is to, in the best interests of all the investors, restore as much of the "fraudulent transfers" as possible to the coffers to be distributed to all that were injured, "the policy justification is ratable distribution of remaining assets among all defrauded investors." (Doc.

134 pg. 7). The Court oversees the cases to assure fairness and adherence to legal requirements. No one really wins in these cases. The damage done by Mr. Nadel was extensive and unfortunate for so many, but the Court must also not allow preferential treatment to any one defendant or defendants.

Even accepting the Meeker's argument that the Court could consider the equities of the set-off issue, which the Receiver disputes, the Court having considered everything filed finds the position of the Receiver persuasive. The Court determines that set-off is not appropriate in this case. The Court commiserates with the Meekers, as it does with all the defrauded individuals and entities, but that is not sufficient reason to grant the request for the set-off. Accordingly, it is

**ORDERED** that the Clerk of Court is **directed** to enter judgment for the Receiver and against BRIAN L. MEEKER, as Trustee for the BRIAN L. MEEKER TRUST dtd 12/06/1991 in the amount $645,641.67. The Clerk of Court is directed to close this case and to terminate any other pending motions.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 7th day of March, 2013.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record
Assigned Magistrate Judge